# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PAUL LEGARE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. CRYER, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-01474-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 18)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff James Paul Legare ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On September 4, 2019, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 15.) Plaintiff's first amended complaint, filed on November 4, 2019, is currently before the Court for screening. (ECF No. 18.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Allegations in Complaint**

Plaintiff is currently housed at the California Institution for Men in Chino, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse and Treatment Facility ("CSATF") in Coalinga, California. Plaintiff names the following defendants: (1) C. Cryer, Chief Executive Officer; (2) S. Gates, Chief, Health Care Appeals Branch-Sacramento; and (3) Does 1 through 5, CSATF medical/health care providers.

Plaintiff alleges: On July 2017, after Plaintiff had complained for months about groin pain, he was prescribed Oxcarbazepine ("Trileptal") for pain management. Soon after taking Trileptal, Plaintiff began to suffer side effects, such as dizziness, sleeplessness, periodic blurred vision, confusion, thirst, fatigue and other negative effects.

On August 1, 2017, Plaintiff submitted a CDCR 7362 request for medical services complaining about the serious side effects that Trileptal and requesting that a different pain medication be prescribed. Plaintiff contends that despite Defendant Cryer and Doe Defendants possessing knowledge of Plaintiff's side effects, they were indifferent to Plaintiff's suffering, taking

no action to prevent the reported condition. Plaintiff claims that defendants violated departmental health care policies, which in turn caused Plaintiff to fall and injure himself.

By August 15, 2017, Plaintiff claims that he could no longer endure the side effects and refused to take Trileptal. Plaintiff asserts that Defendant Cryer and Doe Defendants, despite knowing that Plaintiff stopped taking Trileptal, took no corrective action to prescribe him an alternate pain management medication. Plaintiff further asserts that this caused him to languish in 24/7 incessant groin pain that triggered falls to the ground resulting in physical injury. Plaintiff alleges that one Doe Defendant further injured Plaintiff by issuing him a negative CDCR 128B for exercising his right to refuse the medication causing life threatening side effects.

On August 6, 2017, Plaintiff asserts that the Board of Parole Hearings negatively addressed the CDCR 128B record during Plaintiff's bid for freedom.

From August 15, 2017 to September 17, 2017, Defendant Cryer and Doe Defendants failed to provide Plaintiff with care or pain management to relieve his groin pain. Plaintiff asserts that the groin pain caused him to fall hard to the ground, resulting in injury to his person and the subsequent prescription of a stroller/walker to help prevent additional falls.

On September 17, 2017, Doe Defendant prescribed acetaminophen ("Mapap"), which Plaintiff alleged barely reduced his severe pain levels. Plaintiff claims that Defendant Cryer and Doe Defendants knew that Mapap was nothing more than a fever reducer and that their actions would intentionally cause Plaintiff to languish in unnecessary pain.

On October 13, 2017, Plaintiff felt helpless and filed a CDCR 602 Health Care Administrative Appeal. The appeal addressed defendants' actions and Plaintiff's suffering of pain and life-threatening side effects from Trileptal.

On December 20, 2017, Defendant Cryer issued CSATF's institutional level response to Plaintiff's appeal. Plaintiff alleges that the response presented a false statement that at no time was Plaintiff without pain medication. Plaintiff claims that Defendant Cryer knew this to be false because of the CDCR 128B noting Plaintiff's refusal to take Trileptal and knowingly falsified a state medical record. Plaintiff asserts that Defendant Cryer cannot claim he was unaware of Plaintiff's suffering because it was his duty as Chief Medical Executive to know each patient's

needs, medical orders, prescriptions, treatments and other records.

Plaintiff contends that his medical appeal suggests that it was illegal for Doe Defendants to prescribe Trileptal. Defendant Cryer allegedly elected to make a false suggestion that Trileptal was approved by the Food and Drug Administration for use as a pain medication when he knew otherwise. Plaintiff asserts that both the FDA and the Federal Department of Justice indicated in 2010 that Trileptal was approved to treat partial epileptic seizures only and was specifically prohibited from use as a pain management drug in human patients. Plaintiff claims that Defendants Cryer, Gates and Doe Defendants were all informed about their illegal acts of prescribing prisoners Trileptal to treat pain as far back as 2011.

On January 10, 2018, Plaintiff submitted his medical appeal to CDCR's Headquarters level for review and final exhaustion. In his appeal, Plaintiff specifically posed a question to Defendant Gates as to whether Trileptal was an FDA-authorized pain management medication. Defendants Gates, Cryer and Doe Defendants elected to avoid proving a straight answer to the question. Plaintiff claims these defendants still elect to prescribe prisoners drugs for pain knowing that they are prohibited by the FDA. Plaintiff asserts that Defendant Cryer, Defendant Gates and Doe Defendants delayed and denied Plaintiff lawful pain management medication that adequately prevented pain. Plaintiff further asserts that Doe Defendants were indifferent to Plaintiffs' life threatening Trileptal side effects and that Doe Defendant and Defendant Cryer knew that Plaintiff had fallen to the ground several times and required a wheeled stroller/walker. Plaintiff claims that defendants turned a blind eye to his pain and continue to prescribe prisoners Trileptal for pain.

Plaintiff asserts a claim for deliberate indifference and damages, along with injunctive relief.

**III.     Discussion**

**A.     Eighth Amendment – Deliberate Indifference**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown

by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105−106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. Cty. of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner−or between medical professionals−concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989) ), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082−83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122−23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) ). Rather, Plaintiff "must show that the

course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

### Doe Defendants

Plaintiff appears to allege that Doe Defendants failed to properly treat him for pain in violation of his Eighth Amendment rights. At best, Plaintiff has alleged negligence or medical malpractice resulting from the prescription of Trileptal, which Plaintiff stopped taking. Negligence, gross negligence, or medical malpractice does not rise to the level of an Eighth Amendment violation. Further, it is evident from Plaintiff's allegations that Doe Defendants attempted to address Plaintiff's pain by prescribing various medications, including Mapap. Plaintiff's disagreement with the chosen course of treatment, however, is not sufficient to state a cognizable claim.

### Defendants Cryer and Gates

Plaintiff's allegations against Defendants Cryer and Gates also do not demonstrate deliberate indifference to a serious medical need in violation of the Eighth Amendment. As best as the Court can determine, Defendants Cryer and Gates were involved in Plaintiff's inmate appeals during a time period in which Plaintiff was receiving pain medication. Again, Plaintiff's disagreement with the prescribed treatment is not sufficient to state a claim.

**B.    Injunctive Relief**

Insofar as Plaintiff seeks injunctive relief against prison officials, any such request is now moot. Plaintiff is no longer housed at the California Substance Abuse Treatment Facility, where he alleges the incidents at issue occurred, and where the prison officials are employed. Therefore, any injunctive relief against officials at the California Substance Abuse Treatment Facility is moot. See Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

**IV. Conclusion and Recommendation**

For the reasons stated, Plaintiff's amended complaint fails to state a cognizable section 1983 claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is DIRECTED to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable section 1983 claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 19, 2019** /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE